Filed Under Seal
File Date: July 22, 2024
Case Number: 24-cr-295
Judge Carol Bagley Amon
Magistrate Judge Cheryl L. Pollak

PP:ADW
F. #2023R00209

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

WEI YANG,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 982(a)(1),
 982(a)(6)(A), 982(b)(1), 1544, 1960(a), 2
 and 3551 et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

### COUNT ONE
(Operation of an Unlicensed Money Transmitting Business)

1. In or about and between February 2022 and August 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant WEI YANG, together with others, did knowingly conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit: a cashier's check exchange business, which (a) operated without an appropriate money transmitting license in the State of New York, where such operation is punishable as a misdemeanor and a felony under New York State law; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder.

(Title 18, United States Code, Sections 1960(a), 2 and 3551 et seq.)

## COUNT TWO
(Misuse of Passport)

2. In or about and between February 2022 and August 2022, both dates being approximate and inclusive, in the Eastern District of New York and elsewhere, the defendant WEI YANG did willfully and knowingly use and attempt to use a passport which was issued and designed for the use of another person.

(Title 18, United States Code, Sections 1544 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

3. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to approximately four hundred forty-eight thousand five hundred ten dollars and zero cents ($448,510.00) in United States currency seized by law enforcement on or about August 29, 2022, in Brooklyn, New York.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

5. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6)(A), which requires the forfeiture of (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offense; and (b) any property, real or personal that: (i) constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly from the commission of such offense; and (ii) is used to facilitate, or is intended to be used to facilitate, the commission of such offense, including but not limited to approximately four hundred forty-eight thousand five hundred ten dollars and zero cents ($448,510.00) in United States currency, seized by law enforcement on or about August 29, 2022, in Brooklyn, New York.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Sections 982(a)(6)(A) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____s/_____
FOREPERSON

*By David Pitluck, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK